IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| United States of America,<br><br>            Plaintiff,<br><br>vs.<br><br>Dennis Michael Farrell,<br><br>            Defendant. | Case No. 1:19-cr-00045 |

**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**

[¶1]   THIS MATTER comes before the Court on a Motion to Reduce Sentence filed by the Defendant on May 28, 2024. Doc. No. 480. The United States filed a Response on June 10, 2024. Doc. No. 485. The Defendant filed a Reply on July 18, 2024.[1] Doc. No. 487. For the reasons set forth below, the Motion to Reduce Sentence is **DENIED**.

**DISCUSSION**

[¶2]   On February 22, 2022, the Defendant was sentenced to 330 months' imprisonment after pleading guilty to Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances. Doc. No. 422.

[¶3]   The Defendant asks the Court to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(i)(B) and Section 404 of the First Step Act for three reasons. First, the Defendant argues he received an unusually long sentence and reduction under U.S.S.G. § 1B1.13(b)(6) is appropriate. Second, citing 18 U.S.C. § 3582(c)(1)(A), the Defendant argues there has been a change in law in defining a serious drug predicate offense under the career offender statute. Third, the Defendant claims

---

[1] The Reply was docketed on July 25, 2024, but the Defendant placed it in the mail on July 18, 2024. Doc. No. 487, p. 5.

there are extraordinary and compelling circumstances to reduce his sentence without specifying his circumstances.

[¶4]   The United States argues (1) the Sentencing Commission exceed its congressionally delegated authority in promulgating U.S.S.G. § 1B1.13(b)(6); (2) the Defendant cannot show the changes in law produce a grossly disparate sentence; (3) the Defendant's predicate serious drug offenses were properly applied under U.S.S.G. § 4B1.1; and (4) the Section 3553(a) factors preclude relief despite any potential for reduction.

[¶5]   The Defendant's arguments are essentially one for a reduction in sentence based on extraordinary and compelling circumstances as outlined in U.S.S.G. § 1B1.13(b)(6), which provides:

> EXTRAORDINARY AND COMPELLING REASONS.—Extraordinary and compelling reasons exist under any of the following circumstances or a combination thereof:
>
> *   *   *
>
> (6) Unusually Long Sentence.—If a defendant received an unusually long sentence **and has served at least 10 years** of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents and extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6) (emphasis added).

[¶6]    The Defendant's motion fails as premature. The Defendant was sentenced on February 22, 2022, to 330 months' imprisonment. From the time he was sentenced to date, he has served approximately two and a half (2.5) years of imprisonment. It appears the Defendant was arrested on the charge on July 16, 2019, which is approximately five years to date. But ultimately the

Bureau of Prisons decides how much credit he may receive. At the very least, he has served 2.5 years. At the most, he has served 5 years. Both are under the 10-year requirement of U.S.S.G. § 1B1.13(b)(6).

[¶7]    Even if the Defendant is eligible for a reduction under U.S.S.G. § 1B1.13(b)(6), the Court is still required to consider the factors in 18 U.S.C. § 3553(a) to determine if a reduction is appropriate. 18 U.S.C. § 3582(c)(1)(A). The Court has considered those factors and concludes a sentence reduction is still inappropriate even if the Defendant could show extraordinary and compelling circumstances under U.S.S.G. § 1B1.13(b)(6). Considering those factors, the Court would still conclude a 330-month sentence is appropriate under the circumstances of this case. Even without the career offender enhancement, the Defendant's adjusted offense level under the Guidelines would have been 38 with a total offense level of 35. Doc. No. 346, pp. 7-8. Without the career offender enhancement, his criminal history category would have been V based on 12 scoreable criminal history points. Id. at p. 16. With a total offense level of 38 and a criminal history category V, his guidelines would have been 262-327 months. His guidelines range with the career offender status was 292-365 months. Id. at p. 20.

[¶8]    At sentencing, the Court independently reviewed the factors under 18 U.S.C. § 3553(a) and concluded a 330-month sentence was sufficient but not greater than necessary to comply with the purposes of sentencing. This conclusion remains the same. The Defendant traveled to Colorado to bring methamphetamine and heroin back to North Dakota for distribution. Even without the career offender status, he has a significant criminal history which shows a significant lack of respect for the law and authority. A 330-month sentence—only three months above the high end of the potential new guidelines range—is still appropriate to help deter and future similar criminal

behavior. Accordingly, even if the Defendant were allowed to bring his Motion at this time, the Court would deny it after having reconsidered the factors under 18 U.S.C. § 3553(a).

## **CONCLUSION**

[¶9]  For the reasons set forth above, the Defendant's Motion to Reduce Sentence is **DENIED**.

[¶10]  **IT IS SO ORDERED**.

DATED August 6, 2024.

Daniel M. Traynor, District Judge
United States District Court